**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**JANE WARNER, et al.,**

                **Plaintiffs,**

**-vs-**                                                 **Case No.  3-:04-CV-353**

**DEAN A. GENTH, et al.,**

                                                       **Judge Thomas M. Rose**

                **Defendants.**

___

**ENTRY AND ORDER OVERRULING GENTH'S MOTION TO DISMISS (Doc. #11)**
___

      This matter arises from the publication of books regarding collectible crystal figurines known as Swarovski Silver Crystal. Plaintiffs Jane and Tom Warner (the "Warners") have published a book entitled "Warner's Blue Ribbon Book On Swarovski Silver Crystal, Eleventh Edition" (the "Warner Book"). Defendant Dean A. Genth ("Genth") is the author of a book entitled "Collecting Swarovski" (the "Genth Book"). Defendant Krause Publications, Inc. ("Krause") allegedly publishes Genth's book.

      The Warners reside in Union, Ohio. Genth currently resides in Mason City, Iowa, and Krause' principal place of business is in Iola, Wisconsin.

      Plaintiffs initially filed a Verified Complaint that included three causes of action. After obtaining leave of Court, Plaintiffs filed a First Amended Complaint ("FAC") on March 10, 2005. (Doc. #30.) The First, and only, Cause of Action in Plaintiffs' FAC is for copyright infringement in violation of the Copyright Act of 1976, as amended, 17 U.S.C. §§101 et seq.

After Plaintiffs filed their original Complaint and before they filed their FAC, Genth filed a Motion To Dismiss. (Doc. #11.) This Motion is now fully briefed and the Parties agreed in a Stipulated Order (Doc. #29) that Genth's pending Motion To Dismiss would apply to the FAC. It is Genth's Motion To Dismiss the Warners' FAC that is now before the Court.

Genth seeks to dismiss the Warner's FAC against him pursuant to Fed.R.Civ.P. 12(b)(2) because this Court allegedly lacks personal jurisdiction over him. Genth also seeks costs and attorneys' fees. The standard of review will first be set forth followed by an analysis of the Motion.

## STANDARD OF REVIEW

When a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) is made, the plaintiff has the burden of proving that jurisdiction exists. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003)(citing *Neogen Corp. v. Neo Gen Screening,* Inc., 282 F.3d 883, 887-88 (6th Cir. 2002)). As a part of the burden of proof, the plaintiff's burden of persuasion depends upon whether the court conducts an evidentiary hearing on the motion to dismiss.

When an evidentiary hearing is held, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* at 417. When there is no evidentiary hearing, the plaintiff must make only a prima facie showing and the pleading and affidavits are viewed in a light most favorable to the plaintiff. *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 760 (N.D.Ohio 2000)(citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998)).

Federal courts apply the law of the forum state when determining whether personal jurisdiction exists. *Youn,* 324 F.3d at 417; *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). If

personal jurisdiction exists under the forum state's long arm statute, the court then must determine whether personal jurisdiction would comport with the Due Process Clause of the U.S. Constitution. *Id.*

For the purpose of the Constitutional Due Process analysis, there is a distinction between general and specific jurisdiction. *Youn,* 324 F.3d at *417*. However, either one is an adequate basis for personal jurisdiction. *Id.*

General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," so that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state. *Id.* at 418. Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court. *Id*.

The Sixth Circuit has established a three-part test for determining whether specific jurisdiction exists. *Id.* For specific personal jurisdiction to exist; (1) a defendant must purposefully avail itself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.* (citing *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). Finally, when a state's long arm statute extends to the limits of Due Process, a district court is able to collapse its long arm analysis into its due process analysis. *Matrix Essentials, Inc. v. Harmon Stores, Inc.,* 205 F.Supp.2d 779, 783 (N.D.Ohio 2001) (citing *CMS Generation Co. v. Spectrum Technologies U.S.A., Inc.*, 69 F.Supp.2d 915, 919 (E.D.Mich. 1999)).

In this case, Ohio is the forum state and the Ohio Supreme Court has determined that Ohio's long-arm statute does not extend to the limits of due process. *Goldstein v. Christiansen*, 638 N.E.2d 541, 545 n.1 (Ohio 1994). Therefore, this Court must determine if personal jurisdiction is present under Ohio's long arm statute and, if so, whether personal jurisdiction comports with the Due Process Clause of the U.S. Constitution.

Ohio's long arm statute allows personal jurisdiction over out-of-state defendants for a variety of reasons including when the cause of action arises out of their "[t]ransacting any business in this state." *Matrix*, 205 F.Supp. 2d at 785 (citing Ohio's long arm statute, O.R.C. §2307.382). Further, courts determine whether an out-of-state defendant has transacted business in Ohio on a case-by-case basis with only the language of Ohio's long arm statute for guidance. *Id.*

## ANALYSIS

Genth seeks dismissal of the Warners' FAC due to a lack of personal jurisdiction. Genth argues that this Court's exercise of personal jurisdiction over him would not comport with Ohio's long-arm statute and the constitutional requirements of due process. Genth also seeks an award of costs and attorneys' fees. The Warners respond that Genth's contacts with Ohio subject him to Ohio's long-arm statute and that this Court's exercise of personal jurisdiction over Genth comports with constitutional due process requirements. The Warners further respond that Genth is not entitled to costs and attorneys' fees.

In this case, the Warners have the burden to show that this Court has personal jurisdiction over Genth. Further, since there has been no evidentiary hearing, the Warners must make only a

prima facie showing and the pleading and affidavits are viewed in a light most favorable to the Warners.

### Personal Jurisdiction Under Ohio's Long-Arm Statute

The Warners must first make a prima facie showing that Genth is subject to Ohio's long-arm statute. Ohio's long-arm statute provides in part that a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's transacting any business in Ohio. Ohio Rev. Code §2307.382. Transacting business encompasses "carrying on" business and "having dealings" within Ohio. *Kentucky Oaks Mall Company v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 480 (Ohio 1990), *cert. denied*, 499 U.S. 975 (1991).

To satisfy this burden, the Warners argue that Genth transacted business in Ohio by (1) prosecuting negotiations with Paul Kennedy of Krause Publications while in Ohio; (2) writing the rough draft of the Genth Book while in Ohio; (3) by researching the Genth Book while in Ohio; and (4) by writing the Crystal Report, a predecessor work while in Ohio.

Genth indicates that he was a resident of Ohio from at least 1990 until he moved to Iowa in April of 2003. (Genth Dep. at 7, 26-27.) However, the Warners have presented evidence that Genth was a resident of Ohio from approximately July 2003 through January 2004.

On January 16, 2004, Genth filed a Complaint for Divorce against his former spouse, Cynthia Genth. (Johnson Aff. Ex.A.) Paragraph one (1) of the Complaint for Divorce avers that Genth was a resident of Ohio for more than six months preceding the filing of the Complaint. (Id.) Further, the Final Judgment and Decree of Divorce entered by the Common Pleas Court of Preble County, Ohio, finds that Genth was a resident of Ohio for more than six months at the

time of the filing of the Complaint for Divorce. (Johnson Aff. Ex. B.) Since the Complaint for Divorce was filed on January 16, 2004, the Warners have presented evidence that Genth was a resident of Ohio from before July 16, 2003 to January 16, 2004. Therefore, there is evidence that Genth was a resident of Ohio until from at least 1990 until January 16, 2004, except for a possible break between sometime in April of 2003 and sometime before July 16, 2003. Genth does not respond to the evidence regarding his Complaint for Divorce and the ensuing Final Judgment and Decree of Divorce.

The Genth Book was published in August of 2004. (Genth Decl. ¶7.) Genth attests that the research and work that he performed in preparation for publication of the Genth Book took place over many years prior to August of 2004 beginning as early as the late 1980s. (Genth Aff. ¶¶2, 3.) There is evidence that Genth was a resident of Ohio during most of this period.

Genth further attests that he used extensive notes from over 15 years in preparation of the final draft of the Genth Book. (Id. ¶13.) Again, there is evidence that Genth was a resident of Ohio during most of this period. Finally, Genth testifies that substantial portions of the Genth Book were actually transcribed from his notes onto a computer disk by an individual located in Eaton, Ohio. (Genth Dep. at 54-57.)

Genth forwarded a rough copy of the Genth Book to Krause on January 2, 2003, when he was allegedly a resident of Ohio. (Genth Dep. Ex. 1.) Genth attests that he entered an agreement with Krause to publish the Genth Book effective July 30, 2003, again when he was allegedly a resident of Ohio. (Genth Decl. ¶3.)

The FAC alleges that the Genth Book contains material that was copyrighted by the Warners and was used in the Genth Book without the Warners' consent. Further, there is

evidence that Genth resided in Ohio when the majority of the Genth Book was written by him, there is evidence that the Genth Book was transcribed in Ohio and there is evidence that Genth was an Ohio resident when he entered into the contract to publish the Genth Book. Therefore, the Warners have presented evidence that Warner transacted not just any business but business related to the Warners' FAC in Ohio. As a result, there is evidence, when viewed in a light most favorable to the Warners, that Genth is subject to personal jurisdiction under Ohio's long-arm statute. The analysis next turns to whether personal jurisdiction over Genth would comport with the Due Process Clause of the U.S. Constitution.

### Personal Jurisdiction Under Due Process Clause

Either general or specific jurisdiction is an adequate basis for personal jurisdiction that comports with the Due Process Clause of the Constitution. In this case, there is evidence that both general and specific jurisdiction exist.

General jurisdiction exists here because there is evidence that Genth's contacts with Ohio during the time when the copyright infringement occurred were "substantial" and "continuous and systematic." There is also evidence that satisfies the three-part test for determining whether specific jurisdiction exists.

There is evidence that Genth purposefully resided in Ohio and took actions with regard to the Genth Book while a resident of Ohio. There is evidence the alleged copyright infringement arose from Genth's activities while a resident of Ohio. Finally, Genth's acts of research and preparation of notes for the Genth Book, the transcription of his notes into a manuscript, and the consummation of a contract to publish the Genth Book while a resident of Ohio are substantial enough connections with Ohio to make the exercise of personal jurisdiction reasonable.

There is evidence, when viewed in a light most favorable to the Warners, that personal jurisdiction over Genth exists under Ohio's long-arm statute. There is also evidence, when viewed in a light most favorable to the Warners that personal jurisdiction over Genth comports with the Due Process Clause of the U.S. Constitution. Therefore, Genth's Motion To Dismiss for lack of personal jurisdiction is OVERRULED.

<u>Costs and Attorneys' Fees</u>

Genth seeks costs and attorneys' fees because the Warners incorrectly asserted that they had personal jurisdictional over him and for other related reasons. However, this Court does have jurisdiction over Genth. Therefore, Genth's request for costs and attorneys' fees is groundless and is OVERRULED.

**SUMMARY**

Genth is subject to personal jurisdiction in Ohio pursuant to Ohio's long-arm statute. In addition, personal jurisdiction over Genth in this matter comports with the Due Process Clause of the U.S. Constitution. Finally, since Genth is subject to personal jurisdiction, his motion for costs and attorneys' fees is groundless. Therefore, Genth's Motion To Dismiss (Doc. #11) is OVERRULED. The Warners' Complaint for copyright infringement remains to be adjudicated.

**DONE** and **ORDERED** in Dayton, Ohio, this Fifth day of July, 2005.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record